**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| EURO JOSE CHACON-DIAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00217-AGF |
| | ) | |
| GARY STOLZER, Warden of Ste. Genevieve County Detention Center, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Euro Jose Chacon-Diaz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that he has been unlawfully detained without a bond hearing at the Ste. Genevieve County Detention Center in violation of his Fifth Amendment substantive and procedural due process rights, that his detention also violates the Immigration and Nationality Act and that his arrest violated the Fourth Amendment. Petitioner seeks release or, alternatively, a bond hearing to determine whether continued detention is justified.

The United States Attorney for the Eastern District of Missouri filed the Government's response to the petition on October 14, 2026. The Government concedes that, based on the reasoning of the undersigned in her past cases, *see Mekonnen v. Stolzer,* 1:26-cv-00122-AGF, 2026 WL 2029972 (E.D. Mo. July 14, 2026) and *Paez-Herrera v. Stolzer*, 1:26-cv-00078-AGF, 2026 WL 2198535 (E.D. Mo. July 30, 2026), as well as the similar rulings of District Judge Rodney W. Sippel, *e.g.*, *Garcia Leal v. Stolzer*, 1:26-cv-

00157-RWS, 2026 WL 2194741 (E.D. Mo. July 30, 2026), "the Due Process Clause is determinative."[1] ECF No. 8 at 4. Therefore, the Government concedes the due process issue for "present purposes—while expressly reserving the right to appeal." *Id.*

In reply, Petitioner argues that the Government's concession, based on the undersigned's past reasoning, resolves the petition. The Court agrees and concludes that Petitioner's continued detention without an individualized bond hearing violates the Due Process Clause and that a prompt, individualized bond hearing is an appropriate remedy. Therefore, the Court will grant the petition to the extent it requests a prompt, individualized bond hearing.

## BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States without inspection on February 28, 2022. After entry, Petitioner was detained by immigration authorities and then released on his own recognizance. Petitioner was placed in removal proceedings and, in September of 2022, applied for asylum. That application remains pending. Since his parole, Petitioner has complied with all requirements of his order of release and has had no violations or criminal convictions.

On August 25, 2026, Petitioner appeared for a scheduled check-in with Immigration and Customs Enforcement ("ICE"), and ICE agents arrested Petitioner. He is currently detained at the Ste. Genevieve County Detention Center.

---

[1] As the Government notes, other judges in this District have come to a different conclusion, *e.g.*, *Lugo-Solet v. Mullin*, No. 1:26-CV-52-ZMB, 2026 WL 1162233, at *2 (E.D. Mo. Apr. 29, 2026), and the Eighth Circuit is currently receiving briefing on the issue, *see Lugo-Solet v. Mullin*, Appeal. No. 26-2052 (8th Cir.).

The Government contends that Petitioner is being properly detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), as an unadmitted noncitizen, and that Petitioner's due process claim should fail under binding Eighth Circuit and Supreme Court precedent, including *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024) and *Demore v. Kim*, 538 U.S. 510 (2003). However, as noted above, the Government concedes that the reasoning of the undersigned's past cases and those of Judge Sippel's, which distinguished *Banyee* and *Demore*, would warrant relief here. The Government further concedes that it does not appear that Petitioner has any criminal record.

The Court likewise agrees that the undersigned's prior reasoning, *e.g.*, *Paez-Herrera*, 2026 WL 2198535, applies in this case. Based on that reasoning, the Court concludes that Petitioner's continued detention without an individualized bond hearing violates the Due Process Clause. The Court finds that Petitioner is entitled to an individualized bond hearing at which an immigration judge assesses whether his release would pose a risk of flight or a danger to the community. The Court further finds that Petitioner is entitled to advance notice of the hearing sufficient to allow his counsel to attend and prepare. Therefore, the Court will grant the Petition insofar as it seeks a prompt, individual bond hearing with sufficient advance notice to Petitioner. In light of this relief, the Court need not address Petitioner's other claims.[2]

---

[2] In his reply brief, Petitioner states that, while the local warden may be the proper respondent in this case, he is concerned that an order running only to the local warden could not deliver complete relief. He therefore asks that any order granting relief expressly bind Respondent's officers, agents, and all other persons acting in concert with them, including ICE and the Executive Office for Immigration Review (EOIR). ECF No. 12. The Court appreciates Petitioner's concern but notes that the United States Attorney

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Euro Jose Chacon-Diaz's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part, as follows:**

1. By no later than **ten (10)** days from the date of this Order, the Government must provide Petitioner Euro Jose Chacon-Diaz an individualized bond hearing before an immigration judge. The Government must provide Petitioner Euro Jose Chacon-Diaz and his counsel with advanced notice of the hearing promptly after it is scheduled sufficient to allow his counsel to attend and prepare.

2. If the Government does not provide Petitioner Euro Jose Chacon-Diaz with a bond hearing in accordance with this Order, the Government must immediately release Euro Jose Chacon-Diaz from detention with his personal effects; and

3. By no later than **5:00 p.m. on November 12, 2026**, the Government must provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order or, if no bond hearing was held, concerning the circumstances of Euro Jose Chacon-Diaz's release from detention.

A separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2026.

---

for the Eastern District of Missouri entered his appearance on behalf of all Respondents even after this Court's Order naming the warden as the proper respondent. ECF No. 7. Further, the response in this case was filed by the United States Attorney on behalf of the Government, and the Court's Order will likewise be directed to the Government. ECF No. 8. This Court has also heard several similar § 2241 petitions in the recent past, and thus far, there has been no indication that the naming of the local warden as the respondent has impacted the ability of the petitioners to obtain the relief ordered.